Mr. Justice Clayton
delivered the opinion of the court.
This was an action of detinue in the circuit court of Carroll county, brought by Short against Harmon. The plaintiff claimed by a purchase from one David Rutledge, on the 5th of March, 1845. The defendant claimed under a mortgage from Rutledge, executed in November, 1844, which had never been recorded. There is no proof that Short had notice of the existence of- the mortgage, until after his purchase. Five hundred dollars of the purchase-money were settled by Short at the time of the purchase, and his note given for the balance, of one hundred dollars. The transaction between Rutledge and Short took place in Tennessee, and concurrently with the bill of sale Rutledge gave an order for the slave, who was on his plantation in this state, under the management of his brother. After all this, and without any new consideration or agreement, Short gave a written instrument to Rutledge, granting him right to redeem the slave by the 1st January, 1846.
When the order was presented for the slave, he was on the plantation in Mississippi, but during the succeeding night he got into the defendant’s possession. There was a verdict and judgment for plaintiff in the court below.
*440 On this state of facts, we really see no room for doubt. The plaintiff purchased without notice, actual or constructive, of any adverse title. He took an absolute bill of sale — the order which he also took, showed that he was to have immediate possession of the slave. We think the instrument he gave to Rutledge, at most converted it into a purchase, with liberty to re-purchase; but even if it amounted to a mortgage, the plaintiff has the right to recover at law, and the mortgagor, or those claiming under him, are left to a remedy in equity upon bill to redeem. 4 Kent’s Com. 144, 153.
The cases of Upshaw v. Hargrove, 6 S. & M. 286, and Dickinson v. Tillinghast, 4 Paige, 215, do not apply, even if payment made by the settlement of an antecedent debt, does not constitute a purchase for valuable consideration.
In this case the mortgage was executed “to secure and indemnify” the defendant below, against loss which might arise from his .suretyship for the mortgagor, and it is manifestly the intention of the instrument, that he was not to have possession of the slave, until he was subjected to loss. It does not appear that he has paid anything, or is in any danger on account of his undertaking. The plaintiff below had both the immediate right of possession and of property, unless as. against a better legal outstanding title. From all that appears, Harmon may never have the debt to pay, and may therefore never have any right to the slave. The-mere equities of the parties cannot be considered or regarded in a court of law.
The judgment is affirmed.